IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TOMMIE NELL HALL,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:06-cv-01025-UWC** |
| **BARNHILL'S BUFFET, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION ON JURISDICTION**

On April 20, 2006, the Plaintiff, Tommie Nell Hall ("Hall") filed a law suit in the Circuit Court of Jefferson County, Alabama, alleging claims of negligence, wantonness, breach of express or implied warranties or contract.  On May 26, 2006, the Defendant Barnhill's Buffet, Inc. ("Barnhill's") filed a Notice of Removal based upon diversity jurisdiction.  (Doc. 1.)  Further, on June 5, 2006, Barnhill's filed a motion to dismiss several of Hall's claims.  (Doc. 2.)

This Court is obligated to raise questions concerning subject matter jurisdiction *sua sponte.  See, e.g., Arthur v. Haley,* 248 F.3d 1302, 1303 n. 1 (11th Cir. 2001) ("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte.*").  When determining whether the federal courts have jurisdiction over a diversity action,  "[i]t is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Although Barnhill's is seeking to invoke the jurisdiction of this Court, in its Notice of Removal, Barnhill's merely alleged that Hall's unspecified claim for damages exceeds $75,000.  (Doc. 1.)  Based upon Eleventh Circuit Court of Appeals precedent, this allegation alone is insufficient to establish that the jurisdictional amount is met.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)

1

(requiring that removing defendant "prove to a legal certainty that plaintiff, if she prevailed, would not recover below [the jurisdictional amount]" and noting that "[t]he possibility that plaintiff may in the future seek or recover more damage is insufficient to support federal jurisdiction ...."). Indeed the Eleventh Circuit has "conclude[d] that when plaintiff's complaint specifically seeks less than [the jurisdictional amount], if there is a chance that a state court would award a prevailing plaintiff less than the jurisdictional amount, a federal court must remand the case." *Id*. at 1096 n.8.

Barnhill's argues that Hall seeks an amount in excess of $75,000. However, Hall's complaint contains no such proviso. (Doc. 1.) In her complaint, Hall seeks "a sum in excess of the jurisdictional limits" of the Alabama state court, which is wholly distinct from a specific request for more than $75,000. *Id.* Because Hall claims an indeterminate amount of damages, this Court can not indulge in speculation that her claims exceed $75,000. Further, the Defendant have now filed a motion to dismiss several of Hall's claims, which, if granted, would increase the likelihood that Hall, if victorious, would be entitled to an amount less than $75,000. Accordingly, the Defendants have not sufficiently met their burden to prove that the amount in controversy exceeds $75,000.

For want of federal jurisdiction, this action must be REMANDED to the Circuit Court of Jefferson County, Alabama.

Done this 30th day of June, 2006.

U.W. Clemon
Chief United States District Judge